Jordan Raphael (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
P: (213) 291-9800
F: (213) 277-5373

*Attorneys for Plaintiff Thais Marchese*

GREENBERG TRAURIG, LLP
Gregory A. Nylen (SBN 151129)
NylenG@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA 92612
Tel: 949-732-6500
Fax: 949-732-6501

*Attorneys for Defendant ZOETOP Business Co., Ltd.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THAIS MARCHESE<br><br>*Plaintiff,*<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD. d/b/a SHEIN and ROMWE,<br><br>*Defendant.* | Case No. 22-cv-02213-MWF-JPR<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) and L.R. 26-1** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Thais Marchese ("Plaintiff") and Defendant Zoetop Business Co., Ltd. ("Defendant") submit the following Rule 26(f) Joint Report.

A. **Statement of the Case:**

i. Plaintiff's Contentions

Plaintiff is an independent artist and photographer who makes a living selling her original designs in the form of enamel pins, jewelry, and other products under the brand name Sleepy Mountain. Plaintiff sells her original designs direct to consumers through her e-commerce website and online storefront, located at sleepymountain.com, and through various authorized third-party websites and retailers

Two of Plaintiff's original designs are at issue in this Action (the "Original Designs"). Defendant was a large fast-fashion retailer that sold products in the United States until July 31, 2021. Plaintiff alleges that Defendant infringed her copyrights by selling at least four brooches featuring designs that are strikingly similar to the Original Designs. Zoetop purchases cheap infringing products from unscrupulous Chinese suppliers it knows are selling infringing products on a massive scale. Plaintiff seeks actual damages, statutory damages, disgorged profits, and injunctive relief.

ii. Defendant's Contentions

Defendant denies Plaintiff's allegations and contentions made in her Complaint, particularly any allegations regarding the intentionality of Defendant's alleged actions or

2

JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND L.R. 26-1

ACTIVE 66225675v3      Case No. 22-cv-02213-MWF-JPR

inactions. Defendant purchased ready-made goods from suppliers and manufacturers with which it had agreements regarding the non-infringement and authenticity of the purchased goods. Defendant in turn sold these goods without any further alteration or modification. Plaintiff's inflammatory characterization of Zoetop's products and suppliers is not based on any facts. Plaintiff has not alleged, and there is no evidence, that Defendant was aware of Plaintiff's works at issue prior to offering for sale the accused products. Once Defendant learned of Plaintiff's claim to the works at issue, it immediately discontinued sale of the accused products.

### B. Subject Matter Jurisdiction:

Plaintiff contends that this Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338. The parties agree that there are currently no issues regarding jurisdiction or service.

### C. Legal Issues:

#### i. Plaintiff's Contentions:

Some of the key legal issues will be whether Defendant's alleged conduct constituted willful copyright infringement and the determination of damages available pursuant to 17 U.S.C. §§ 504 and 505. Defendant is a multi-billion-dollar company engaging in widespread copyright infringement. Defendant incorrectly believes it should pay only nominal damages for flagrant, widespread copyright infringement and repeatedly and

knowingly sourcing cheap infringing products from Chinese suppliers it knows are selling infringing goods.

    ii.    <u>Defendant's Contentions</u>:

Zoetop specifically denies that any alleged infringement was willful, because, among other things, it purchased ready-made products from suppliers who represented and warranted that the products do not infringe third party intellectual property rights. Zoetop further contends that any damages award should reflect the nominal revenues Zoetop earned from U.S. sales of the accused products, which amounted to $353.80, particularly given that Plaintiff's works were not timely registered and therefore not entitled to statutory damages Even if they were timely registered, the Copyright Act considers the amount of actual sales of the accused products in determining the amount, if any, of statutory damages to be awarded. Zoetop's total revenues earned on sales of products unrelated to the works at issue in the Complaint have no bearing on the damages to which Plaintiff may be entitled.

**D.    Parties and Evidence:**

    i.    <u>Plaintiff</u>: Thais Marchese;

        a.    <u>Witnesses</u>: Lynn Xu, George Chiao, Thais Marchese;

        b.    <u>Key Documents/Other Evidence</u>: Copies of the infringing listings; communications with supplier(s) regarding the infringing products; invoices, purchase order(s); point of sale information relating to the infringing products; Defendant's

internal communications regarding the infringing products and response to notice of infringement; defendant internal procedures regarding screening for infringing products.

    ii. <u>Defendant</u>: Zoetop Business Co., Ltd.

        a. <u>Witnesses</u>: Lynn Xu, George Chiao, Plaintiff Thais Marchese, Plaintiff's agents and associates

        a. <u>Key Documents/Other Evidence:</u> supplier agreements; profits and revenues information for sales of the products at issue; transaction records for sales of the products at issue; Plaintiff's copyright applications and deposits; Plaintiff's licensing agreements; Plaintiff's profits and revenues information from the last five (5) years; Plaintiff's communications regarding Zoetop; Plaintiff's transaction records for sales of products incorporating the designs at issue.

**B. <u>Damages</u>**

    i. <u>Plaintiff's Contentions</u>:

Plaintiff is seeking statutory damages and alleges that Defendant's conduct here was willful, entitling Plaintiff to enhanced damages in the approximate range of $150,000.

    ii. <u>Defendant's Contentions</u>:

Defendant denies that Plaintiff is entitled to any relief. As Plaintiff's works were not timely registered, any damages award should reflect the nominal revenues Zoetop earned from U.S. sales of the accused products, which amounted to $353.80. Any award of statutory damages and attorney fees under 17 U.S.C. §§ 504 and 505 should be limited and/or barred under 17 U.S.C. § 412(2). *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008).

### C. **Insurance**:

    i. <u>Plaintiff</u>: N/A

    ii. <u>Defendant</u>: None.

### D. **Motions:**

There are currently no pending motions, and the parties do not anticipate filing any motions seeking to add any other parties, amend pleadings, transfer venue, or challenge the Court's jurisdiction. Following all discovery, the parties anticipate that summary judgment motions regarding infringement and/or damages may be filed, as well as motions *in limine*.

### E. **Dispositive Motions:**

    i. <u>Plaintiff's Anticipated Dispositive Motions</u>: Plaintiff anticipates submitting a summary judgment motion regarding copyright infringement and/or damages.

ii. <u>Defendant's Anticipated Dispositive Motions:</u> Defendant anticipates submitting a summary judgment motion regarding willfulness and/or damages.

F. **Manual for Complex Litigation**

The parties agree that the Manual for Complex Litigation should not be utilized in this case.

G. **Status of Discovery**

Discovery is in its infancy. At present, the Parties do not have any proposed limitations or modifications of the discovery rules. Given the nominal sales at issue in this case, Zoetop contends that discovery should be limited in scope based on the proportionality principles embodied in Fed. R. Civ. P. 26.

The Parties are currently investigating the extent of ESI relevant to any Party's claims or defenses. The Parties have discussed and agreed to the form(s) and extent of ESI production. The Parties have agreed informally to certain consolidation of document productions across this case and other cases filed by Plaintiff's counsel against Zoetop. The Parties continue to discuss other ways of consolidating discovery in a manner proportional to the needs of the case.

H. **Discovery Plan:**

  i. <u>Plaintiff</u>: Plaintiff served its initial disclosures to Defendant on July 12, 2022. Plaintiff anticipates conducting discovery regarding, among other matters, the following:

   a. Defendant's procedures for avoiding infringement of intellectual property;

   b. Defendant's conduct and communications after receiving notice of infringement;

   c. Defendant's creation of and sourcing of the infringing products;

   d. Defendant's valuation, annual revenues, annual profits;

   e. Copyright infringement claims against Zoetop;

   f. Defendant's sales of the infringing products; and

   g. Defendant's takedown procedures.

  ii. <u>Defendant:</u> Zoetop anticipates conducting discovery regarding, among other matters:

   a. Plaintiff's registered copyrights;

   b. Plaintiff's annual sales of products incorporating her designs;

   c. The chain of ownership and title of Plaintiff's designs; and

   d. Materials referenced in the creation of Plaintiff's designs.

**I. Discovery Cut-Off**

The parties propose that fact discovery be completed on or before March 31, 2023.

**J. Narrowing of Issues**

8

JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND L.R. 26-1

ACTIVE 66225675v3 Case No. 22-cv-02213-MWF-JPR

The parties do not have any proposals for narrowing the issues at this time.

**K.      Expert Discovery**

The parties propose the following expert discovery deadlines:

- Initial expert disclosures shall be served on or before April 14, 2023;

- Expert rebuttal reports shall be served on or before April 28, 2023;

- Expert discovery shall be completed on or before May 12, 2023;

- The deadline for filing dispositive motions is June 9, 2023;

- The parties propose a pretrial conference be held on or before August 11, 2023.

- Trial shall be held on or before August 28, 2023.

**L.      Settlement Conference / ADR**

   i.      Plaintiff's Contention:

Zoetop has refused to discuss settlement of this case and has instead insisted that it will only discuss a "global" resolution of cases filed by the Kushnirsky Gerber law firm and Byron Raphael law firm, even though there are different plaintiffs, different infringed goods, different infringing products, different facts, and different available damages in each of these cases. As Zoetop and its counsel are aware, it is both ethically and practically impossible for this firm to discuss or parse such global settlement between over a dozen aggrieved plaintiff clients with different goals and concerns.

   ii.     Defendant's Contention:

Zoetop has not refused to discuss settlement in this case. Zoetop disclosed sales information and solicited a settlement offer, which Plaintiff's counsel refused to provide. After two failed mediations in other individual suits Plaintiff's counsel has filed, it became evident that a global resolution was the most efficient way forward, given the overlapping substantive issues. As the Kushnirsky Gerber law firm has filed 15 cases against Zoetop that are currently pending in several federal courts, Zoetop wishes to discuss settlement in the form of a global resolution, rather than piecemeal. At this time Zoetop is not open to considering settlement of individual cases. Zoetop was unaware of any ethical qualms Plaintiff's counsel had with a global settlement. The purported concerns of Plaintiff's counsel are inconsistent with prior conduct. Plaintiff's counsel has made global settlement demands on behalf of all its plaintiff clients.

### M. Expedited Trial Procedure

The parties do not consent to the implementation of an expedited trial procedure at this time.

### N. Trial Estimate

The parties anticipate a three-day trial by jury.

### O. Trial Counsel

Plaintiff anticipates that Andrew Gerber, Jordan Raphael, and Mariel Murphy will serve as trial counsel for Thais Marchese. Defendant anticipates that Nina D. Boyajian, Gregory A. Nylen, and Caroline Korpiel will serve as trial counsel for Zoetop.

**P.   Independent Expert or Master**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Q.   Other Issues**

The parties do not anticipate any other matters that would affect the status or management of this case.

Dated:   July 18 , 2022                              BYRON RAPHAEL LLP
                                                     Jordan Raphael

                                                     KUSHNIRSKY GERBER PLLC

                                                     By: /s/ Andrew Gerber
                                                     Andrew Gerber (admitted *pro hac vice*)
                                                     andrew@kgfirm.com
                                                     KUSHNIRSKY GERBER PLLC
                                                     27 Union Square West, Suite 301
                                                     New York, NY 10003
                                                     P: (212) 882-1320
                                                     F: (917) 398-1487

                                                     *Attorneys for Plaintiff Thais Marchese*

Dated:   July 18, 2022                               GREENBERG TRAURIG LLP

                                                     By: /s/ Gregory A. Nylen
                                                        Gregory A. Nylen

                                                     GREENBERG TRAURIG, LLP
                                                     Nina D. Boyajian (SBN 246415)
                                                     BoyajianN@gtlaw.com
                                                     Caroline Korpiel (SBN 336147)
                                                     KorpielC@gtlaw.com

1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

*Attorneys for Defendant ZOETOP Business Co., Ltd.*

**L.R. 5-4.3.4(a)(2)(i) Certification:**

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ Andrew Gerber
Andrew Gerber